# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| MARCUS DEONTA GADISON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:23-cv-1178 |
| | § | |
| RICK'S TIRE SERVICE, INC., | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Marcus Deonta Gadison, hereinafter called Plaintiff, complaining of and about Rick's Tire Service, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

## I.
## INTRODUCTION

1. This action seeks equitable relief, actual, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for violations of the Title VII of the Civil Rights Act of 1964 (Title VII) under 42 U.S.C. § 2000e, *et seq.* suffered by Plaintiff in the course of his employment with Defendant.

## II.
## PARTIES AND SERVICE

2. Plaintiff, Marcus Deonta Gadison is a citizen of the United States and the State of Texas and resides in Tarrant County, Texas.

3. Defendant, Rick's Tire Service, Inc. may be served by serving Jackie Pallett, its agent authorized to accept service at 4101 Dorothy Road, Grand Prairie, Texas 75052. ***Issuance of a summons is hereby requested.***

## III.
## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331.

5. This Court has personal jurisdiction over Defendant because it conducts business within the Northern District of Texas.

6. Venue of this proceeding is proper in the Northern District of Texas Pursuant to 28 U.S.C. §1961(b) since Defendant is a resident of the Northern District of Texas.

7. Jurisdiction is proper pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) under 42 U.S.C. § 2000e, *et seq*.

8. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## IV.
## CONDITIONS PRECEDENT

9. Plaintiff filed a charge of discrimination against Defendant under Charge Number 450-2023-04543 with the Equal Employment Opportunity Commission ("EEOC") on August 7, 2023.

10. On August 24, 2023, the EEOC issued a Notice of Right to Sue entitling Plaintiff to file an action under Title VII of the Civil Rights Act of 1964. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of his Notice of Right to Sue.

11. All conditions precedent have been performed, have occurred, or have otherwise been satisfied as required by applicable law.

## V.
## FACTS

12. Plaintiff is an African American (black) male.

13. Plaintiff worked for Defendant in its shop located in Arlington.

14. Plaintiff was the only black employee at all times relevant herein.

15. Plaintiff was qualified for his position based on training, experience and positive performance feedback from Defendant prior to the incidents the basis of this suit. Moreover, Plaintiff had a perfect driving record whereas none of the other employees did.

16. Plaintiff was frequently heralded as one of the top performing employees in the company and often people would seek him out to resolve situations between employees and management.

17. On December 1, 2020, Plaintiff was reinjured on the job that served to exacerbate two prior work-related injuries.

18. Anytime a worker was injured, Defendant would promptly make a doctor's appointment for the injured employee to be seen and file a claim with worker's compensation.

19. However, when Plaintiff sustained his injury, Defendant instead directed Plaintiff to a chiropractor. Plaintiff disagreed with this directive and sought medical treatment with Dr. Manley on December 4, 2020. Plaintiff paid for this visit directly.

20. This same day, Rickie, the owner, texted Plaintiff: "I told u not to go back to Dr. Manley." Plaintiff responded that he was paying for the visit himself, and also getting an MRI since nothing had been happening with the providers Defendant asked him to seek treatment from.

21. Plaintiff later learned that his claim was not submitted to worker's compensation until December 14, 2020- two weeks after the incident.

22. Plaintiff's worker's compensation claim proceeded in due course, despite Defendant's attempts to manipulate the claim. Specifically, they tried to have Plaintiff change the date of the incident telling him if he didn't change the date, the claim would be denied.

23. Plaintiff sought treatment from an orthopedic surgeon and a chiropractor as necessary.

24. When Defendant learned that Plaintiff had been scheduled for surgery, they began harassing Plaintiff and trying to force him out of the company. Managers would rile up Plaintiff's co-workers by alleging false complaints to have the other employees become angry and confrontational with Plaintiff over the baseless accusations.

25. When Plaintiff confronted Defendant about their various lies concerning Plaintiff's injuries and worker's compensation claims, Plaintiff's work environment turned increasingly hostile. Specifically, Defendant took and destroy certain paperwork belonging to Plaintiff, lying to the doctors and insurance company after the documents had been destroyed, sabotaging Plaintiff's reputation and goodwill in the company and among its employees, leaving parts off of Plaintiff's work truck after "fixing" the brakes which resulted in a wheel almost coming off the truck when Plaintiff went out on a call.

26. Further, Rickie sliced the serpentine belt on Plaintiff's work truck so it would snap mid-drive putting Plaintiff in real danger.

27. On February 6, 2023, Plaintiff was improperly terminated due to Plaintiff's workers compensation claim. No other employee that utilized worker's compensation program was treated in the same manner. Plaintiff was discriminated against on the basis of his race, color and/or national origin for utilizing his protected rights.

## VII.
## DISCRIMINATION BASED ON RACE, COLOR, AND/OR NATIONAL ORIGIN

28. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

29. Title VII of the Civil Rights Act of 1964 (the "Act") makes it unlawful to

discriminate against someone on the basis of race, color, national origin, sex (including pregnancy, sexual orientation, and gender identity) or religion. The Act prohibits not only intentional discrimination, but also practices that have the effect of discriminating against individuals because of their race, color, national origin, religion, or sex.

30. To establish a prima facie case of discrimination, a plaintiff must show that: (1) the plaintiff belongs to a protected class; (2) the plaintiff was qualified for his position; (3) the plaintiff, despite being qualified, was rejected; plaintiff experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "[T]he phrase 'terms, conditions, or privileges of employment' evinces a congressional intent 'to strike at the entire spectrum of disparate treatment of men and women' in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment." *Harris*, 510 U.S. at 21 (quoting *Meritor*, 477 U.S. at 64). *Gardner v. CLC of Pascagoula, L.L.C.*, 915 F.3d 320, 325 (5th Cir. 2019).

31. With respect to the first requirement, Plaintiff is an African-American (black) male, and therefore a member of a protected class.

32. Plaintiff was qualified for his position based on: (i) his past training and experience, (ii) his positive performance feedback with Defendant; and (iii) never having received any formal discipline while employed by Defendant.

33. However, despite the foregoing qualifications, Plaintiff received adverse employment action in the form of being subjected to a hostile work environment perpetuated by non-black workers for which Defendant knew about and allowed it to persist.

34. The unlawful employment practices of Defendant specifically failing to prevent and/or promptly correct the discriminatory behavior of Plaintiff's co-workers, had a disparate and adverse impact on Plaintiff because of his race, color and/or national origin. Such employment practices were not job-related and were not consistent with business necessity.

35. Defendant discriminated against Plaintiff in connection with the terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race, color and/or national origin in violation of 42 U.S.C. Section 2000e-(2)(a).

36. Defendant classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e-(2)(a).

37. Plaintiff alleges that Defendant discriminated against Plaintiff on the basis of race, color and/or national origin with malice or with reckless indifference to the protected rights of Plaintiff.

## VIII.
## NEGLIGENCE

34. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

35. Defendant owed Plaintiff a legal duty to prevent harassment on the basis someone on the basis of race, color, national origin, sex (including pregnancy, sexual orientation, and gender identity) or religion.

36. Defendant breached this duty when it knew of the repeated incidents of harassment and discrimination based on his race, color and/or national origin perpetrated against Plaintiff by

his co-workers yet failed to properly redress, which proximately caused injury to Plaintiff.

37. Plaintiff seeks all available damages for injuries caused by Defendant's negligence.

## IX.
## RETALIATION

38. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

39. A claim for retaliation is established when plaintiff demonstrates he (i) "engaged in an activity protected by Title VII; (ii) was subjected to an adverse employment action; and (iii) a causal link exists between the protected activity and the adverse employment action." *Adams v. Vaughn*, No. 3:18-CV-1109-B-BT, 2019 WL 1003845, at *3 (N.D. Tex. Feb. 12, 2019)(quoting *Wright v. Chevron Philips Chem. Co.*, 734 F. App'x 931, 935 (5th Cir. 2018)(per curiam)). Protected activity includes complaining to supervisors about acts of unlawful discrimination. 42 U.S.C. §2000e-3(a); *Valdarez v. Lubbock Cty. Hosp. Dist.*, 611 Fed. Appx. 816, 820-21 (5th Cir. 2015)(finding that the plaintiff's report of sexual harassment to his supervisor was protected activity).

40. Plaintiff alleges he was subjected to a campaign of retaliation which included continuation of a hostile work environment, threats, intimidation, and other abusive working conditions.

41. This retaliation was and is due to Plaintiff exercising his rights by opposing a discriminatory practice. Namely, making reports to his supervisor about discrimination, harassment as well as participating in the investigations of the underlying incidents the basis of Plaintiff's complaints.

42. Plaintiff suffered damages for which Plaintiff herein sues.

# X.
## HOSTILE WORK ENVIRONMENT

43. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

44. Title VII is violated "when the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' . . . that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Id.*; *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999). The Supreme Court set the "severe or pervasive" standard as a "middle path between making actionable any conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury." *Harris*, 510 U.S. at 21. A plaintiff "must subjectively perceive the harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable." *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003). *Gardner v. CLC of Pascagoula, L.L.C.*, 915 F.3d 320, 325 (5th Cir. 2019).

45. Plaintiff was subjected to a hostile workplace as a result of the severe and pervasive threats, intimidation, fear of bodily injury, ridicule and harassment, including but not limited to: fear for his physical safety and fictitious complaints; all of which served to establish and amplify Plaintiff's anxiety at sharing a workspace with bigoted co-workers. All of which created an objectively hostile workplace affecting the terms and conditions of Plaintiff's employment and designed to hinder his ability to perform work functions.

46. Defendant had actual knowledge of the hostile workplace Plaintiff endured when he made repeated complaints to Defendant and assisted with any investigation into the incidents that were the underlying basis of said complaints.

47. Defendant failed to properly investigate or otherwise resolve this hostile work

environment.

48. The actions, or lack thereof, by Defendant and its employees, created an abusive working environment that operated to alter the conditions of Plaintiff's employment.

## XI.
## RESPONDEAT SUPERIOR

49. Whenever in this complaint it is alleged that any Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## XII.
## DAMAGES

51. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    c. All reasonable and necessary costs incurred in pursuit of this suit;

    d. Emotional pain;

    e. Expert fees as the Court deems appropriate;

    f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    g. Inconvenience;

h. Interest;

i. Mental anguish in the past; and

j. Mental anguish in the future.

## XIII.
## EXEMPLARY DAMAGES

52. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## XIV.
## SPECIFIC RELIEF

53. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a. Prohibit by injunction the Defendant from engaging in unlawful employment practices; and

b. A neutral job reference.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Marcus Gadison, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Respectfully submitted,

/s/ Ali Crocker Russell
Ali Crocker Russell
State Bar No. 24098868
ali@cralawfirm.com

CROCKER RUSSELL & ASSOCIATES
2401 Callender Road, Suite 103
Mansfield, Texas 76063
Tel: (817) 482-6570
Fax: (682) 232-1850

**ATTORNEY FOR PLAINTIFF**